IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
00 JUL 24 PM 2:23

| | | |
|---|---|---|
| In Re: | } | CIVIL ACTION NO. |
| RICHARD A. TRACEY, | } | 00-AR-0953-S |
| Debtor | } | CIVIL ACTION NO. |
| ************************* | } | 00-AR-01423-S |
| RICHARD A. TRACEY, | } | BK CASE NO. |
| Plaintiff, | } | 97-02183-TOM-13 |
| v. | } | AP CASE NO. |
| JBJ PARTNERSHIP, et al., | } | 98-00271 |
| Defendants. | } | |

ENTERED
JUL 24 2000

**MEMORANDUM OPINION**

This case comes to this court by a strange combination of direct appeal from the bankruptcy court, motion for leave to appeal and to withdraw, and certification by the bankruptcy court for interlocutory review. On July 19, 2000, the debtor, Richard A. Tracey, added what he styles "Motion to Return Matter to the Bankruptcy Court."

Whatever the appropriate vehicle or vehicles for getting this court's attention, this court's attention has finally been gotten, and has been drawn first and foremost to the fact that the debtor himself filed suit on November 17, 1997, in a state court against some if not all of the entities who have a quarrel with him and with whom he has a quarrel. But for the automatic stay, the said

1

entities could not only defend against what the debtor claims, but could pursue counterclaims against the debtor in the state court case, and could get the trial by jury that the debtor himself demanded. The debtor has never sought a dismissal without prejudice of his said state court action. For aught appearing, the Circuit Court of Madison County, Alabama, is champing at the bit.

**This court cannot separate out the issues between Tracey and the so-called Pace defendants and those between Tracey and Banner,** the latter issues having expressly not been addressed by the bankruptcy court. The procedural situation may be a mess, but this court thinks that it is a mess which the state court is better equipped to straighten out than this court is or that the bankruptcy court is.

By separate order, this court will withdraw the adversary proceeding or proceedings involving Tracey, the Paces, and Banner, will abstain in favor of the state court proceeding, will remove the automatic stay and will vacate all orders entered by the bankruptcy court that might intefere with the full jurisdictional operation of the state court in the premises.

DONE this 24th day of July, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

2